**IN THE COURT OF APPEALS OF IOWA**

No. 16-1410
Filed October 26, 2016

**IN THE INTEREST OF C.L.,**
**Minor Child,**

**S.L., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals the juvenile court's order terminating her parental rights to her child, C.L., born in 2011.[1] She does not deny the State has proven the statutory grounds for termination by clear and convincing evidence. Instead, she argues termination was not in the child's best interests, the court should have granted her an additional six months to work toward reunification, and an exception to termination exists because the child is in his maternal aunt's care.

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). We have carefully reviewed the record, the briefs of the parties, and the juvenile court's thorough ruling. At the time of the termination hearing, the mother was in federal custody on a parole violation and facing new federal criminal charges for possession with intent to distribute methamphetamine. The mother's continued incarceration, unresolved substance-abuse issues, and inability to make any sustained progress demonstrate she will not be able to care for the child within six months. *See* Iowa Code § 232.104(2)(b) (2015) (providing that in order to extend a child's placement for an additional six months, the juvenile court must find the need for removal will no longer exist at the end of the six-month period).

Furthermore, after reviewing the record in its entirety, we agree with the juvenile court that any exception to termination should not be applied in this case. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability

---

[1] The juvenile court also terminated the parental rights to any known or unknown putative father of C.L. No appeal has been filed on behalf of any putative father.

and willingness of a family relative to take the child."). The child has lived with his maternal aunt for the majority of his life, and his aunt is willing and able to meet the child's needs.[2] A guardianship as requested by the mother would not likely accomplish stability and permanency for the child. Termination of the mother's parental rights is in the child's best interests.

Accordingly, we affirm the juvenile court's order without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**

---

[2] The mother has a younger child who has also been adjudicated a child in need of assistance and placed in the maternal aunt's care.